UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TYRONE PRATOR, | ) | |
| Petitioner, | ) | 2: 10-CV-01209-JCM-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVEN, et al, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has paid the filing fee in this action.

Petitioner has filed a motion for appointment of counsel (docket #2) asserting that the issues in his case are complex and that he is unable to adequately represent himself. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

1  petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See*
2  *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).
3        The petition on file in this action is well-written and sufficiently clear in presenting the issues
4  that petitioner wishes to bring. The issues in this case are not complex. It does not appear that
5  counsel is justified in this instance. The motion shall be denied.
6        The petition shall now be filed and served on respondents. A petition for federal habeas
7  corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include
8  such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that
9  claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not
10 included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a
11 motion to amend his petition to add the claim.
12       **IT IS THEREFORE ORDERED** motion for appointment of counsel (docket #2) is
13 **DENIED**.
14       **IT IS FURTHER ORDERED** that the Clerk shall **FILE the petition and**
15 **ELECTRONICALLY SERVE** the petition (docket #1-1) upon respondents.
16       **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
17 this order within which to answer, or otherwise respond to, the petition. In their answer or other
18 response, respondents shall address any claims presented by petitioner in his petition as well as any
19 claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all
20 potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
21 procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed,
22 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
23 United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have
24 **forty-five (45) days** from the date of service of the answer to file a reply.
25       **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
26 General of the State of Nevada a copy of every pleading, motion, or other document he submits for

consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General.  The court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED this 18th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE