# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| TYRONE PRATOR, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-cv-01209-JCM-VCF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DWIGHT NEVEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss the petition. (ECF No. 22).

**I. Background**

On January 27, 2009, petitioner was involved in an incident which caused a correctional officer to charge him with disciplinary violations. (Exhibit 2).[1] At a March 1, 2009, disciplinary hearing, petitioner was found guilty of three rule violations, and as a result, the Nevada Department of Corrections (NDOC) forfeited 90 days of good time credit on petitioner's attempted murder

---

[1] The exhibits referenced in this order are found in the court's record at ECF No. 15 (Exhibits 1-15) and at ECF No. 22 (Exhibits A-C).

sentence. (Exhibits 4, 6, 7). The July 2, 2009, credit history report on the attempted murder sentence shows that on April 2, 2009, 90 days of good time credits were forfeited as a result of the January 27, 2009, incident. (Exhibit A). The instant petition for writ of habeas corpus concerns the forfeiture of those 90 days of good time credit. (ECF No. 1-1).

**II. Discussion**

Respondents have moved to dismiss the petition. (ECF No. 22). Petitioner did not file an opposition to the motion. The failure to oppose the motion constitutes consent to granting the motion. Local Rules, Part II, at Rule 7-2(d). Petitioner's failure to oppose the motion to dismiss constitutes adequate grounds to grant the motion, however, the court will analyze the arguments made in the motion to dismiss.

Respondents argue that the petition is moot and must be dismissed. Article II, section 2 of the United States Constitution provides that the "exercise of judicial power depends on the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306, n.3 (1964). "The case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Mootness occurs when there is no longer a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The question of mootness must be resolved by the federal court before it assumes jurisdiction. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965); *Liner v. Jafco*, 375 U.S. at 304.

In the instant case, respondents have presented evidence that the 90 days of good time credit have been restored to petitioner. Petitioner's latest credit history report shows that on January 6, 2012, the warden restored to petitioner the 90 days of forfeited credit at issue in the petition. (Exhibit B, at p. 14). The statutory restoration report also shows the restoration and posting of the 90 days of credit previously forfeited as a result of the January 27, 2009, incident. (Exhibit C). Due to

the restoration of the 90 days of good time credit, petitioner's claims are moot, and the petition is dismissed with prejudice on this basis.

### III. Certificate of Appealability

Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In the instant case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong. The court therefore denies petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 22) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

1 **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT**
2 **ACCORDINGLY.**
3 Dated this  28th  day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE